IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSIAS A.P.H., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, <br><br> Respondent. | Civil No. 1:26-cv-02879-MWJS <br><br> ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART <br><br> A# 204-645-045 |

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART**

Petitioner Josias A.P.H.[1] is an immigration detainee proceeding with a petition

for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and an

application for temporary restraining order, Dkt. No. 2 (the "TRO application").[2]

---

[1]    For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

[2]    In the TRO application, Petitioner seeks an order enjoining Respondents from transferring him from his current place of detention, removing him from the United States, or taking any other action to facilitate his transfer of removal.  Dkt. 2, at pg. 6. On April 16, 2026, the court ordered that Respondents "shall not transfer or otherwise take petitioner out of the Eastern District of California."  Dkt. 5.  Because the TRO application seeks effectively the same relief provided by the court's status quo order, the TRO application, Dkt. [2], is DENIED AS MOOT.

Petitioner entered the country in August 2001, when he was three.  Dkt. No. 1, at pg. 4.  Since then, he has continuously resided in the United States—that is, for more than twenty-four years.  *Id.*  During this time, Petitioner was granted Deferred Action for Childhood Arrivals status—which he renewed multiple times, i*d.* at pg. 4–5; he secured work authorization, *id.* at pg. 5; and he is now the father of two U.S. citizen children, *id.*

In February 2026, Petitioner was arrested by local police following a traffic stop in Ogden, Utah.  *Id.*  The stop was initiated for "driving without a license and an alleged failure to maintain a single lane."  *Id.*  According to Petitioner, he also has "a prior DUI," but nothing in the record suggests that this earlier offense led to Petitioner's February 2026 arrest or his current detention.  *Id.*  Following his arrest, Petitioner was transferred to the custody of U.S. Immigration and Customs Enforcement.  *Id.* Petitioner never received a bond hearing.  *Id*. at pg. 6.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his detention without a bond hearing violates the Immigration and Nationality Act.[3]  *Id.* at pg. 8.  Petitioner seeks various forms of relief, including a bond hearing.  *Id.* at pg. 10–11.

---

[3] Petitioner also argues that: (1) detaining him for a prolonged period without a bond hearing violates the Due Process Clause of the Fifth Amendment; (2) detaining him without considering his DACA status and longtime residence violates his due process rights; (3) detaining him without considering the interests of his children violates his due process rights; and (4) his detention is arbitrary and capricious.  Dkt.

In their opposition, Respondents do not dispute any of Petitioner's factual allegations.  Instead, they argue only that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), and that he is not, therefore, entitled to a bond hearing.  Dkt. No. 6.  Many judges, both in this district and others, have rejected Respondents' argument that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  *See, e.g.*, *Bilal A. v. Wofford*, No. 1:25-cv-01715, 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-cv-01845, 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).  Indeed, in their opposition, Respondents acknowledge the numerous cases in this district contrary to their position.  Dkt. No. 6, at pg. 2.  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.

Given the foregoing, the petition is GRANTED in part as to Count One, for the reasons set forth in the cases cited above and the many others like them.  Respondents are ENJOINED AND RESTRAINED from continuing to detain petitioner unless they demonstrate, within seven days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Respondents shall file a status report within ten days of the date of this Order,

---

No. 1, at pg. 8–10.  Given the relief granted by the court and the fact that Petitioner's other arguments are not fully developed, these claims are DENIED without prejudice.

3

confirming whether a bond hearing has been held and, if so, the outcome of that hearing.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

DATED:  April 29, 2026, at Honolulu, Hawaiʻi.

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-02879-MWJS; Josias A.P.H. *v. Warden, California City Correctional Center*; ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART